HAWKEYE LIFE INSURANCE COMPANY, Appellant, v. H. L. OGG et al., Appellees; SUPERIOR FIXTURE COMPANY, Intervenor.

No. 42129.

MAY 15, 1934.

Korf & Korf, for appellant.

M. J. Carey, and Vernon A. Vrooman, for appellees.

ANDERSON, J.— This action involves the foreclosure of a real estate mortgage. Judgment was entered for $16,156.63, and a foreclosure decreed. At a sale under a special execution the mortgaged property was sold for the full amount of the judgment, with costs. The period of redemption from this sale would have expired on April 8, 1933, but prior to that time an application was filed by the principal defendants for an extension of the period of redemption to March 1, 1935, under the procedure authorized by chapter 179 of the Laws of the 45th General Assembly, commonly known as House File No. 350. A motion was filed by the plaintiff to strike the application for continuance or the extension of the period of redemption on the ground that the legislative act referred to was in contravention of the constitutions of the United States and the state of Iowa. This motion was overruled by the court, and the plaintiff electing to stand on its motion, the court entered an order and judgment granting the application as prayed, and extending the period of redemption to March 1, 1935. Such order was made, however, upon the condition that the defendants deposit with the clerk of the district court a certain fixed amount of rent per month during the extended period of redemption in the event the premises were not redeemed before the expiration of that time, and the court further ordered that from the fund so deposited the clerk should pay the taxes and insurance falling due during the extended period and retain the balance subject to the further orders of the court. From this ruling the plaintiff prosecutes this appeal, and assigns as error the unconstitutionality of the legislative act in question. Subsequent to the order and judgment of the court and the

taking of this appeal, all questions involving the constitutionality of the legislative act in question have been determined by this court in the case of Des Moines Joint Stock Land Bank v. Nordholm, 217 Iowa 1319, 253 N. W. 701. That opinion announces the law of this state as to all questions presented on the present appeal, and further discussion would be of no avail at this time.

▇ Following the ruling in that case, however, the judgment and order of the district court, in reference to the distribution of the rents arising from the mortgaged premises during the extended period of redemption, should be modified to the extent that, after the payment of the taxes and insurance falling due, the balance of the funds remaining in the hands of the clerk should be paid to the plaintiff to be applied upon the judgment and accruing interest. With this modification, the order and judgment of the district court should be, and is, affirmed.—Modified and affirmed.

CLAUSSEN, C. J., and STEVENS, KINDIG, MITCHELL, DONEGAN, ALBERT, and EVANS, JJ., concur.